IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH and JOYCE GORDON, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-1061 |
| § | |
| ALLSTATE TEXAS LLOYD'S § | |
| ALLSTATE INSURANCE CO., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION ON DISMISSAL**

In September 2005, this court stayed this case pending the Texas Supreme Court's answer to the following question certified by the United States Court of Appeals for the Fifth Circuit:

> Does the ensuing loss provision contained in Section I-Exclusions, part 1(f) of the Homeowners Form B (HO-B) insurance policy as prescribed by the Texas Department of Insurance effective July 8, 1992 (Revised January 1, 1996), when read in conjunction with the remainder of the policy, provide coverage for mold contamination caused by water damage that is otherwise covered by the policy?

*Fiess v. State Farm Lloyds*, 392 F.3d 802, 811–12 (5th Cir. 2004). On August 31, 2006 the Texas Supreme Court answered this certified question "No." *Fiess v. State Farm Lloyds*, No. 04-1104, 2006 WL 2505995 (Tex. Aug. 31, 2006). This case was reopened to resolve the remaining claims in light of the *Fiess* opinion. After considering the parties' submissions,

the record, and the applicable law, this court finds that no claims remain following the Texas Supreme Court's decision in *Fiess*.

On March 2, 2006 this court denied Allstate's summary judgment motion as to several breach of contract claims for mold damage. (Docket Entry No. 27). This court found that there were disputed fact issues material to determining whether the alleged mold damage was caused by a covered loss. This court noted that if the Texas Supreme Court in *Fiess* determined that all mold damage is excluded from coverage, summary judgment would be appropriate. (*Id.* at 16). This court also granted summary judgment on the Gordons' extracontractual and bad-faith claims under Article 21.21 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, but denied summary judgment on the claim under Article 21.55 pending the decision in *Fiess*.[1] (*Id.* at 18).

Section 1(f) of the exclusion provision states, "[w]e do not cover loss caused by . . . rust, rot, mold or other fungi." (Docket Entry No. 20 at 13). The policy provision also states, "[w]e do cover loss caused by collapse of the building or any part of the building, *water damage*, or breakage of glass which is part of the building if the loss would otherwise be covered under this policy." (*Id.* (emphasis added)). The Texas Supreme Court found that the provision was not ambiguous and did not cover mold contamination caused by water damage if that water damage was otherwise covered by the policy. The Court concluded that

---

[1] Effective April 2005, the Texas legislature recodified the Texas Insurance Code as part of its ongoing statutory revision program. TEX. INS. CODE § 30.001(a). The changes did not affect the statute's substance, but made the code's provisions more accessible and understandable. TEX. INS. CODE § 30.001(b). The Gordons filed this lawsuit in January 2004. Because they filed their suit before the renumbering occurred, references to the Insurance Code are to the old provisions.

a broader reading of the policy would convert it "from an insurance policy into a maintenance agreement." *Fiess*, 2006 WL 2505995, at *4.

Applying *Fiess* to this case, it is clear that the breach of contract claims based on Allstate's refusal to pay for mold contamination are no longer viable. This court found a disputed fact issue as to whether the water that caused the mold was "otherwise covered" under the policy. After *Fiess*, even if the water damage is otherwise covered, resulting mold contamination is not.

The Gordons argue that the mold exclusion in section 1 of the HO-B policy does not apply to damage caused by an accidental discharge or overflow of water from a plumbing system, an air conditioning system, or household appliance. The HO-B policy has two subparts: Coverage A deals with damage to the dwelling, while Coverage B concerns damage to the insured's personal property. Coverage B provides the insured with coverage under twelve perils. The ninth peril provides coverage for accidental discharges or overflows of water from plumbing systems, air conditioning systems, or household appliances (the "accidental discharge provision"). That peril contains a clause that prohibits application of the section 1 exclusions to claims arising from an accidental discharge (the "exclusion repeal clause"). Although this clause is contained within the section providing coverage for personal property loss, the Gordons argue that the exclusion repeal clause applies to both personal property damage and to damage to the dwelling itself. The Gordons rely on *Balandran v. Safeco Insurance Co. of America*, 972 S.W.2d 738 (Tex. 1998) in support of their position. In that case, the insureds sued under their homeowner's policy for foundation

damage caused by a plumbing leak. The dispute involved exclusion 1(h), which states, "We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools." *Id.* at 739. Exclusion 1(h) was seemingly in conflict with the provision stating, "We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building if the loss would otherwise be covered under this policy." The Texas Supreme Court reasoned that because exclusion 1(h) applied only to damage to the dwelling, that in order to give meaning to the exclusion repeal clause, the accidental discharge provision had to apply to Coverage A. The court held that "exclusion 1(h) . . . does not apply to loss caused by the accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system or household appliance." *Id.* at 742.

The Gordons argue that the *Balandran* holding applies to all of the section 1 exclusions, not just section 1(h). They argue that *Balandran* requires this court to determine whether the cause of the damage falls under the accidental discharge provision. If the answer is "yes," then the exclusion repeal clause would apply, negating the mold exclusion found in section 1(f), and provide coverage for mold damage to their dwelling.

*Balandran* concerned the application of section 1(h), which deals with damage to the dwelling itself. Section 1(f) precludes recovery for damage to the dwelling or to personal property resulting from an enumerated cause. *Fiess* did not address personal property coverage under the accidental discharge provision because that issue was not on appeal.

*Fiess*, 2006 WL 2505995, at *1 n.3. But *Fiess* did hold that mold damage to a dwelling is excluded regardless of whether the water damage causing the mold was otherwise covered. Applying the Gordons' argument to this case would produce a result inconsistent with *Fiess*. The Gordons' claims are for mold damage to their home and the application of section 1(f) to those claims. *Fiess* is directly on point. The Gordons' breach of contract claims are dismissed as a matter of law.

The Gordons' extracontractual claim under Article 21.55 of the Texas Insurance Code is also dismissed as a matter of law. That statute states that damages are to be awarded if the insurer is liable "pursuant to a policy of insurance." TEX. INS. CODE § 21.55; *see also Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) ("There can be no liability under article 21.55 if the insurance claim is not covered by the policy."). Allstate has no liability under the insurance policy for mold damage to the Gordons' home; it is not liable under Article 21.55, as a matter of law.

This case is dismissed. Final judgment is entered by separate order.

SIGNED on September 27, 2006, at Houston, Texas.

                                                Lee H. Rosenthal
                                        United States District Judge